**Affirmed and Memorandum Opinion filed March 12, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00479-CR

**ROBERT ANDREE BAXTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1375893**

## M E M O R A N D U M   O P I N I O N

Appellant, Robert Baxter, waived his right to jury trial and pleaded guilty to possession of a controlled substance. He was sentenced by the trial court to 180 days' confinement. In one issue, appellant contends the trial court erred by denying his motion to suppress. We affirm.

# I. Background

Appellant was charged by indictment with possession of a controlled substance. Appellant filed a motion to suppress evidence he claimed was illegally obtained. The parties entered into a Stipulation of Evidence. When viewed in the light most favorable to the trial court's ruling, the evidence reveals the following progression of events.

Lt. Crowson of the Houston Police Department observed appellant driving from one hotel to another in an area known for narcotics, prostitution, and high crime. Appellant was in the company of a known prostitute. Lt. Crowson asked the hotel management to identify appellant. Upon inquiry, Lt. Crowson discovered appellant had an outstanding municipal warrant, and he called for an unmarked unit to observe appellant's activity. Two plain clothes Houston Police Department officers, Nguyen and Ryan, arrived in an unmarked unit. Officers Nguyen and Ryan observed appellant's actions and found them to be consistent with involvement in transactions involving narcotics and prostitution.

Lt. Crowson and Officers Satterwhite and Hartman proceeded to the hotel where appellant was located in order to serve the arrest warrant. When appellant answered the door, the officers smelled a chemical odor emanating from the room "consistent with PCP." Appellant was arrested, handcuffed, and placed in the back seat of Officer Satterwhite's vehicle. Lt. Crowson then called Officers Carroll and Duncan to speak with appellant and ask for his consent to search the hotel room.

Appellant was removed from the back of the vehicle before Officer Duncan spoke with him. Officer Duncan advised appellant that the officers were not focused on the arrest warrant, and that he would be released if he consented to a search of the hotel room and no narcotics were found. Officer Duncan allowed appellant to read the consent form and explained that appellant was not required to

give his consent. Appellant was asked once to sign the consent form, and the conversation regarding consent lasted two to three minutes. None of the other police officers asked appellant to sign the form. At no time did any of the officers have their weapons drawn, nor did they use force on appellant. Officers Carroll and Duncan were approximately three feet from appellant as they spoke with him; Lt. Crowson and Officers Satterwhite and Hartman were about 15-20 feet from appellant; and Officers Ryan and Nguyen were approximately 15 yards from appellant.

The consent form signed by appellant states that he was informed of his constitutional right to require that the officers obtain a search warrant and his right to voluntarily consent to a search.[1] The consent form also recites that appellant gave consent "freely and voluntarily and without threats or promises of any kind and is given with my full and free consent."

The trial court signed findings of fact and conclusions of law in support of its determination that consent was voluntary. The findings set forth the facts outlined above. Specific to consent, the trial court found that police officers informed appellant the main purpose of their investigation was to determine if there were narcotics in the hotel room and they advised appellant he would be released "if he signed the Voluntary Consent for Search and Seizure form **and** no narcotics were found in his hotel room." (Emphasis in original). The trial court further found that appellant was forty-six years old at the time he signed the consent form.

The trial court concluded the arrest was lawful, the arresting officers had probable cause for the arrest, there was clear and convincing evidence that consent was "voluntarily given, positive and unequivocal," the conditional promise did not

---

[1] The handcuffs were removed to allow appellant to sign the form.

render the consent invalid, and the evidence obtained pursuant to the lawful search was admissible.

## II. ANALYSIS

In his sole issue, appellant challenges the trial court's denial of his pre-trial motion to suppress. We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (citing *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997)). We give almost total deference to the trial court's determination of historical facts that depend on credibility and demeanor. *See Kelly v. State*, 331 S.W.3d 541, 547 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Where a trial judge makes express findings of fact, we view the evidence in the light most favorable to his ruling and determine whether the evidence supports these factual findings. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We review *de novo* the trial court's application of the law to the facts. *See Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007).

Whether a suspect has given voluntary consent to search must be established by clear and convincing evidence. *See Meekins v. State*, 340 S.W.3d 454, 460 (Tex. Crim. App. 2011). The ultimate question is whether the person's "will ha[s] been overborne and his capacity for self-determination critically impaired," such that his consent must have been involuntary. *Id*. (citing *United States v. Watson*, 423 U.S. 411, 424, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976)). The trial court must review the totality of the circumstances surrounding the statement of consent to determine whether consent was voluntary.

The consent to search must be positive and unequivocal and not the product of duress or coercion either express or implied. *See Reasor v. State*, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000). Voluntariness is determined by a consideration

4

of the following factors: the defendant's age, education, and intelligence; the length of detention; any constitutional advice given to appellant; the repetitiveness of questioning; and the use of physical punishment. *Id*.; *see also Cadoree v. State*, 331 S.W.3d 514, 520 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

The standard is objective reasonableness—what the typical reasonable person would have understood by the exchange between the officer and the suspect. *See Valtierra v. State*, 310 S.W.3d 442, 449 (Tex. Crim. App. 2010). An officer's testimony that consent was given voluntarily can be evidence sufficient to establish that the consent was voluntary. *See Johnson v. State*, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007).

Appellant argues consent was not voluntary because the State proffered no evidence at the hearing addressing his intelligence or education; there were several officers present; appellant was arrested and handcuffed; he did not receive *Miranda* warnings;[2] and he was promised he would be released from custody if no drugs were found in his hotel room. Yet, in the Stipulation of Evidence, appellant does not contend he was unable to read the consent form, and his signature appears on the form. There is no evidence of any coercion, threats, or harassment by the police officers. Appellant's statement that he could see the officers in the room before he signed the consent form did not constitute evidence of such factors. Finally, appellant's assertion that he was "coerced" into signing the consent form because he was "promised" he would be released is inconsistent with the officers' statements that he was "promised" he would be released only *if* no narcotics were discovered. The trial court's finding stated:

> Officer Duncan informed the Defendant that the main purpose of the investigation was to determine whether the Defendant had narcotics in

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

his hotel room, stating that the municipal warrant was not their focus, and that the Defendant would be released if he signed the Voluntary Consent for Search and Seizure form **and** no narcotics were found in his hotel room.

(Emphasis in original).

We afford great deference to the trial court's factual finding believing the officer's testimony. *See Cadoree*, 331 S.W.3d at 519 (citing *Guzman*, 955 S.W.2d at 89).

Viewing the record and all reasonable inferences in the light most favorable to the trial court's ruling, we conclude the record contains clear and convincing evidence supporting the trial court's ruling that appellant's consent was voluntary. *See Reasor*, 12 S.W.3d at 818; *see also Johnson*, 68 S.W.3d at 654 (concluding defendant's consent was voluntary even though in he was in custody and not provided *Miranda* warnings).

We overrule appellant's sole issue and we affirm the trial court's judgment.

/s/     John Donovan
        Justice

Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).